1  Christine Pham
2  Legal Helpers, P.C.
   564 Market Street, Ste. 300
3  San Francisco, CA 94104
   Tel: 1.866.339.1156
4  Fax: 1.312.822.1064
   Email: cph@legalhelpers.com
5  *Attorneys for Plaintiff*

ORIGINAL FILED

ADR   09 SEP 14 PM 3:34

E-filing

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

Cindy Anzalone
2625 Skylark Dr.
San Jose, CA

Plaintiff,

v.

Nationwide Credit, Inc.
c/o CT Corporation System
818 West Seventh St.
Los Angeles, CA 90017

Defendant.

Case No.:

C09 04252 JF HRL

Judge:

**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around May 19, 2008, Plaintiff retained an attorney to file bankruptcy.

8. On or around February 2, 2009, Defendant telephoned Plaintiff at Plaintiff's place of employment.

9. During this communication, Plaintiff notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and/or that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

10. Despite this notice, Defendant telephoned Plaintiff at Plaintiff's place of employment on multiple occasions throughout February 2009.

11. During at least one of these communications, Plaintiff again notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and/or that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

12. On or around February 9, 2009, Defendant telephoned Plaintiff's place of employment.

13. During this communication, Plaintiff notified Defendant that Plaintiff was represented by a bankruptcy attorney and provided Plaintiff's attorney's contact information.

14. Despite this notice, Defendant telephoned Plaintiff on multiple occasions throughout February 2009.

15. During several of these communications, Plaintiff again notified Defendant that that Plaintiff was represented by a bankruptcy attorney.

16. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

17. Defendant violated the FDCPA.

### COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving Defendant's phone calls.

### COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient for Plaintiff.

### COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692c in that it communicated with Plaintiff notwithstanding Plaintiff's notice that Plaintiff was represented by an attorney.

### COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692d in that Defendant repeatedly or continuously telephoned Plaintiff and/or another person with the intent to annoy, abuse, and/or harass that person.

### COUNT FIVE

**Violation of the Fair Debt Collection Practices Act**

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

### COUNT SIX

**Violation of the Rosenthal Fair Debt Collection Practices Act**

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. In causing a telephone to ring repeatedly or continuously to annoy the person called, Defendant violated California Civil Code §§ 1788.11(d).

### COUNT SEVEN

**Violation of the Rosenthal Fair Debt Collection Practices Act**

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. In communicating with Plaintiff with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances, Defendant violated California Civil Code §§ 1788.11(e).

### COUNT EIGHT

**Violation of the Rosenthal Fair Debt Collection Practices Act**

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. In communicating with Plaintiff at Plaintiff's place of employment for purposes other than verifying employment, obtaining location information, or effectuating a garnishment, Defendant violated California Civil Code §§ 1788.12(a).

## JURY DEMAND

34. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

35. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment against Defendant for actual damages pursuant to California Civil Code § 1788.30(a), statutory damages for a knowing or willful violation in an amount up to $1,000 pursuant to California Civil Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to California Civil Code § 1788.30(c).

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

LEGAL HELPERS, P.C.

By: *Christine Pham*
Christine Pham
564 Market Street, Ste. 300
San Francisco, CA 94104
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: cph@legalhelpers.com
*Attorneys for Plaintiff*