| | |
|---|---|
| ERIC D. HOUSER #130079<br>SARA L. MARKERT #251277<br>HOUSER & ALLISON<br>A Professional Corporation<br>9970 Research Drive<br>Irvine, CA 92618<br>Telephone:    (949) 679-1111<br>Facsimile:     (949) 679-1112<br>Email: smarkert@houser-law.com<br><br>Attorneys for Defendant,<br>Nationwide Credit, Inc. | **E-FILED 03-22-2010** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| CINDY ANZALONE,<br><br>            Plaintiff,<br>    vs.<br><br>NATIONWIDE CREDIT, INC.<br>c/o CT Corporation System<br>818 West Seventh St.<br>Los Angeles, CA 90017<br><br>            Defendant. | Case No.: 5:09-cv-04252-JF<br><br>Hon. Jeremy Fogel<br><br>**JOINT STIPULATION RE CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER; EXHIBITS**<br><br>**(MODIFIED BY THE COURT)** |

**WHEREAS**, the parties to the above-captioned action are engaged in discovery pursuant to the rules of this Court; and

**WHEREAS**, a great deal of the information sought by the parties or contained in documents sought by the parties may be claimed to be of a confidential and/or proprietary nature; and

1

---
STIPULATION RE: CONFIDENTIALITY AGREEMENT

5:09-cv-04252-JF

1    **WHEREAS**, the purpose of this Stipulation of Confidentiality is to permit the parties to
2    discover such information and documents pursuant to procedures that are designed to protect the
3    confidentiality of that material;

4    IT IS HEREBY STIPULATED, as follows:

5    1.    All documents or portions thereof produced, information disclosed, and testimony
6    given, in whatever form transmitted ("Discovery Material"), in this action and all related
7    proceedings or appeals (the "Proceedings") shall be used by the party to whom it is produced
8    solely for litigation purposes in connection with the Proceedings and for no other purpose.
9    Discovery Materials include that portion of documents prepared by counsel or the parties which
10   summarize or reflect the information contained in Discovery Materials, provided that

11         a.    Nothing in This Order is intended to constitute an agreement regarding the scope
12               of discovery; and
13         b.    The parties reserve the right to seek to remove certain Discovery Materials from
14               the restrictions of this order.

15   2.    Pursuant to discovery requests in this case and as may be required by applicable
16   law, the parties shall produce documents, notwithstanding the fact that these documents may
17   contain private information protected under federal, state or local privacy laws.  Any party may
18   designate as confidential any information, whether it be contained in a document, electronically
19   memorialized, revealed during a deposition, contained in an interrogatory answer, or any other
20   form of information, including, but not limited to, personal, personnel, commercial, financial or
21   business information or data which the parties in good faith believe should be afforded
22   confidential treatment.

23   3.    Documents in hard copy shall be designated as confidential by placement thereon
24   of the word "Confidential." Testimony that the producing party wishes to be treated as
25   confidential shall be designated confidential by the marking of the transcript of the testimony by
26   the attorney for the witness.  In order to ensure the confidentiality of testimony, all deposition

1  testimony described above including exhibits thereto, shall be deemed confidential during the
2  period from which said testimony is given until 30 days after the date on which the attorney for
3  the witness has received the transcript of said testimony.  Any testimony not designated
4  confidential within 30 days of receipt of said transcript by the attorney for the witness shall not
5  be considered confidential. Electronic data shall be designated as confidential by the producing
6  party either by a designation in electronic form attached to the information or by a separate
7  writing identifying the information that is to be treated as confidential. The inadvertent
8  production of a document without a "Confidential" designation shall not be a waiver of such
9  designation, provided that the producing party indicates in writing that the document should be
10 treated as "Confidential" upon discovering its production without the appropriate designation
11 and provides the receiving party with a copy marked "Confidential."  All documents otherwise
12 protected under any federal, state or local law as confidential-or subject to any disclosure
13 restrictions, irrespective of any confidentiality designation or lack thereof by the parties under
14 this Agreement, shall be deemed as "Confidential" information under this Agreement as if such
15 documents had been specifically designated "Confidential" as provided herein.

16  4. Any Discovery Materials or portion thereof produced in these Proceedings which
17 are protected under any federal or state privacy law, or which is either designated as
18 "Confidential" pursuant to the foregoing paragraph of this Protective Order or by further order of
19 the Court (collectively "Confidential Discovery Material"), shall not be further disclosed, except
20 as provided in Paragraphs 5, 6 and 8 below, without the express written consent of the attorneys
21 for the Producing Party.

22  5. Confidential Discovery Material may be disclosed only to the following:
23   a. the attorneys for any party to this action;
24   b. partners or employees of such attorneys who are actually involved in the litigation
25    of these Proceedings;
26   c. independent experts engaged to assist a party in the litigation of these

3

STIPULATION RE: CONFIDENTIALITY AGREEMENT

5:09-cv-04252-JF

Proceedings;

    d. the judge and personnel of the Court, including any referees appointed by the Court, involved in these proceedings (the "Court");

    e. a party or an officer or employee thereof actually engaged to assist a party in the litigation of these proceedings;

    f. independent court reporters in the course of a deposition conducted in these Proceedings;

    g. any witness who may be called to testify as a witness at any deposition, hearing or trial in these Proceedings. In addition, Confidential Discovery Material may be disclosed to any authors or recipients of those documents in the ordinary course of business.

6. Any person described in paragraph 5 (c), (e), or (g) above, prior to being given access to any Confidential Discovery Material shall be provided with a copy of this Protective Order and shall be requested to execute an affidavit in the form attached hereto as Exhibit A (for persons) or B (for entities). All such affidavits shall be kept by the party retaining the Independent Expert and shall be made available for inspection by any other party by Order of the Court. Confidential Discovery Material shall not be disclosed to any person described in paragraph 5 (c), (e), or (g) above who refuses to execute the annexed affidavit. Counsel shall promptly notify the parties of any breach of this order, whether intentional or otherwise, and shall take such steps as are reasonably necessary to remedy or minimize the damage resulting from such breach.

7. Nothing herein shall be deemed to limit any party's right to challenge a designation of Discovery Materials as "Confidential." If Discovery Material designated as "Confidential" becomes the subject of a dispute concerning confidentiality **and good faith meet-and-confer negotiations fail to resolve the dispute,** the party challenging such designation (the "Challenging Party") may ~~submit such Discovery Material to the Court for an in camera inspection.~~ **seek relief through an appropriately noticed motion under Civil Local Rule 7.** The party asserting the confidential nature of the material (the

4

---

STIPULATION RE: CONFIDENTIALITY AGREEMENT

5:09-cv-04252-JF

1  "Asserting Party") shall have the burden to show good cause why the Court should allow
2  continuation of the designation to prevent unreasonable annoyance, expense, embarrassment,
3  disadvantage or other prejudice.  The Challenging Party shall have an opportunity to make a
4  contrary submission.  If the Asserting Party shall fail to persuade the Court that such good cause
5  exists to continue the confidential designation, the material shall no longer be deemed
6  "Confidential" and need not be treated as such by any person.  Discovery Material will be
7  maintained by the Court in accordance with the terms of this Protective Order. If the court should order an in camera review, access to
8  documents submitted for in camera inspection shall be limited to the persons identified in
9  paragraph 5 hereof, in accordance with Paragraph 6.  In addition, the parties may agree to a
10 modification of any of the provisions hereof and any party in any of the Proceedings may apply
11 to the Court at any time for relief from or modification of any of the provisions of this Protective
12 Order.

13       8.     Any person in possession of Confidential Discovery Material shall maintain it in a
14 secure manner so as to avoid disclosure of its contents. Each party shall either (i) return it to the
15 attorneys for the party which produced it within thirty (30) days following the termination of
16 these proceedings or any related proceedings and appeals or (ii) destroy it within thirty (30) days
17 of a written request by any party, in which case the party destroying the documents shall so
18 certify to the party which produced it.

19       9.     This Protective Order shall not: (a) prejudice in any way the right of a party to
20 object to the production of Discovery Material it considers not subject to discovery; (b) prejudice
21 in any way the right of a party to seek determination by the Court as to whether particular
22 Discovery Material should be produced; or (c) restrict the producing party's use of its own
23 Discovery Materials or Discovery Materials in its possession independent of discovery in these
24 Proceedings.

25       10.    The fact that Discovery Material is designated as "Confidential" shall not govern,
26 or prejudice any party, in any way, from introducing, or objecting to the introduction of such

1 Discovery Material at any hearing, trial or appeal in these Proceedings.  Any party wishing to
2 submit confidential information in support of a motion must seek to file papers containing such **, in compliance with Civil Local Rule 79-5,**
3 confidential information under seal.

4     11.   In the event a document which is claimed to be privileged is inadvertently
5 produced, the producing party may demand in writing the return of such document from the
6 receiving party.  The receiving party shall thereupon return the document to the producing party
7 within five (5) business days and take reasonable steps to destroy all copies made thereof. The
8 inadvertent production or inspection of a document for which a timely demand for its return is
9 made pursuant to this paragraph shall not be deemed a waiver of any privilege. The return of any
10 document pursuant to this paragraph shall not constitute a waiver of the right of the receiving
11 party to make an application to the Court to compel production of such document. This
12 paragraph shall not otherwise affect the right of any party to claim a privilege or the waiver of a
13 privilege or an inadvertent disclosure of privileged materials.
14 ///

26 ///

12. The parties hereto anticipate seeking information from nonparties, which may include Confidential Discovery Materials. In that event, such nonparties may produce Confidential Discovery Materials in accordance with the provisions hereof by executing and delivering to the requesting party a copy of the appropriate exhibit affidavit(s) attached this Stipulation and Order.

**13. For a period of six months after the final termination of this action, this court shall retain jurisdiction to enforce the terms of this order.**

IT IS HEREBY AGREED:

Dated: <u>March 17, 2010</u>                    **HOUSER & ALLISON, APC**

                                By:   <u>*s/ Sara L. Markert*</u>
                                      Sara L. Markert
                                      Attorney for Defendant,
                                      Nationwide Credit, Inc.

Dated: <u>March 17, 2010</u>                    **LEGAL HELPERS, P.C.**

                                By:   <u>*s/ Richard Meier*</u>
                                      Richard J. Meier
                                      Attorney for Plaintiff,
                                      Cindy Anzalone

PURSUANT TO THE PARTIES' STIPULATION, AS MODIFIED BY THE COURT, IT IS SO ORDERED.

Dated:  March 22, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

STIPULATION RE: CONFIDENTIALITY AGREEMENT

5:09-cv-04252-JF

EXHIBIT A

AFFIDAVIT OF _____

STATE OF   _____   )
                                      ) :ss.
COUNTY OF _____   )


I, _____ , being duly sworn depose and say that:

1. My address is _____.

2. My current employer is _____,
whose address is_____.

3. My current occupation or job description is _____
_____.

4. I have received a copy of the Confidentiality Stipulation and Protective Order regarding discovery in this case on  _____.

5. I have carefully read and I understand the provisions of the Stipulation and I will comply with all of its provisions.

6. I will use the Discovery Materials and the Confidential Discovery Materials (the "Materials") only in connection with this Action and will hold in confidence, and not disclose to anyone not qualified under the Stipulation, all Confidential Discovery Materials.

7. I will return all Materials which came into my possession to the attorneys for the party or parties by whom I am employed.

8. I understand that if I violate the provisions of the Stipulation I will be subject to sanctions by this Court and that the parties may assert other remedies against me. I hereby submit to the jurisdiction of this Court for those purposes.

Dated: _____     Signed: _____

Sworn to and subscribed before me this \_\_\_\_\_ day of _____, 201\_\_

_____
Notary Public

1

---
STIPULATION RE: CONFIDENTIALITY AGREEMENT

5:09-cv-04252-JF

EXHIBIT B

AFFIDAVIT OF _____

STATE OF    _____        )
                                                               ) :ss.
COUNTY OF _____        )

I, _____ , being duly sworn depose and say that:

1. I am the _____ (title) of _____ (company).

2. The current address of _____ (company) is _____.

3. A copy of the Confidentiality Stipulation and Protective Order regarding discovery in this case was received on _____.

4. I have carefully read and I understand the provisions of the Stipulation and I will comply, and undertake to ensure that all in the employ of _____ (company) will comply with all of its provisions.  All in the employ of _____ (company) who will be shown Confidential Discovery Materials will read and sing an Affidavit in the form annexed as Exhibit A to the Stipulation.

5. We will use the Discovery Materials and the Confidential Discovery Materials (the "Materials") only in connection with this Action and will hold in confidence, and not disclose to anyone not qualified under the Stipulation, all Confidential Discovery Materials.

6. All Materials which came into our possession will be returned to the attorneys for the party or parties from whom the Materials were received.

7.  We understand that if we violate the provisions of the Stipulation, we will be subject to sanctions by this Court and that the parties may assert other remedies against us.  We hereby submit to the jurisdiction of this Court for those purposes.

Dated: _____           Signed: _____

Sworn to and subscribed before me this \_\_\_\_\_ day of _____, 201\_\_

_____
Notary Public

1

STIPULATION RE: CONFIDENTIALITY AGREEMENT

5:09-cv-04252-JF